# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                   Telephone: (212) 317-1200
New York, New York 10165                                        Facsimile: (212) 317-1620

kjohnson@faillacelaw.com

December 28, 2020

**VIA ECF**
Hon. District Judge John G. Koeltl
US District Court – SDNY
500 Pearl Street
New York, NY 10007-1312

      **Re:**    *Paulino Castillo Martinez, et al. v. Park Pizza, Inc., et al.*
              **Case No. 20-cv-07986 (JGK)**

**FIRST LETTER MOTION TO EXTEND TIME TO SERVE *NUNC PRO TUNC***

Dear Judge Koeltl:

      This office represents Plaintiff in the above captioned action for minimum wage and overtime claims brought under the FLSA and NYLL. I write the Court to ask that Plaintiff be allowed an extension of time to serve the Defendants with the summons and complaint filed in this action.

      On September 25, 2020, Plaintiff filed his complaint and requested the issuance of a summons for each Defendant. (Dkt. Nos: 1; 3-5.) On September 28, 2020, a summons was issued for each of the named individual and corporate Defendants. (Dkt. Nos: 6-8).

      Thereafter, I was assigned to this action and filed a notice of appearance on October 14, 2020. (Dkt. No: 9).

      In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff has ninety (90) days from the filing of the complaint to serve all summoned defendants. As such, with a filing date of September 25, 2020, Plaintiff had until December 24, 2020 to serve the Defendants. Plaintiff now asks the Court to extend the time to serve *nunc pro tunc* from December 24, 2020 and allow Plaintiff sixty (60) days from the same to effectuate service.

In demonstration of good cause, Plaintiff posits counsel's attempts to settle the action with the pro se Defendants, whose son, Stefano Ientile called these offices and spoke with myself in person in office at the time of filing. As the son had hoped his father and uncle, the two named Defendants and owners of the corporate Defendant, would be able to settle the action prior to hiring an attorney. As such, counsel attempted to speak with them repeatedly over the next few months in hopes they could settle the action, waive service, and ultimately set the action for a fairness motion and hearing. Though Plaintiff hoped to avoid more expenses in this action and the cost of serving, the Parties have not had recent amicable conversations, and the time to serve has come on a holiday.

Therefore, Plaintiff contends that the appropriate course of action in this case is to allow an extension of the time to serve *nunc pro tunc* for 60 days from December 24, 2020, the date by which Plaintiff was required to originally serve.

The Plaintiff and counsel thank the Court for its time and attention to this matter.

Best regards,

*s/s Kevin S. Johnson*

Kevin S. Johnson, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiff*