MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
PAULINO CASTILLO MARTINEZ,
*individually and on behalf of others similarly*
*situated,*

                            *Plaintiff,*

            -against-

PARK PIZZA, INC.  (D/B/A PIZZA PARK),
ARTURO IENTILE, and SALVADOR
IENTILE,

                            *Defendants.*

------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case 1:20-cv-07986-JGK**

       Plaintiff Paulino Castillo Martinez ("Plaintiff Castillo" or "Mr. Castillo"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Park Pizza, Inc. (d/b/a Pizza Park),

("Defendant Corporation"), Arturo Ientile and Salvador Ientile, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

    1.     Plaintiff Castillo is a former employee of Defendants Park Pizza, Inc. (d/b/a Pizza

Park), Arturo Ientile, and Salvador Ientile.

    2.     Defendants own, operate, or control a Pizza restaurant, located at 1233 1st Avenue

#6309, New York, NY 10065 under the name "Pizza Park".

3.      Upon information and belief, individual Defendants Arturo Ientile and Salvador Ientile, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Castillo was employed as a laborer and a delivery worker at the Pizza restaurant located at 1233 1st Avenue #6309, New York, NY 10065.

5.      Plaintiff Castillo was ostensibly employed as a delivery worker. However,  he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to washing dish racks and pizza plates, cleaning the basement and the walls of the entire restaurant, cutting cheese, bringing up items from the basement for the cook, bringing up the refills of sodas for the storefront, mopping the storefront food preparation area, public area, and basement, taking out the garbage, cleaning the basement, basic food preparation for the ingredients for the days sales, specifically cheese and bread, cleaning the walls of the premises. The aforesaid duties compromised four to five hours of his shift, between making deliveries. In all these duties compromised more than twenty percent of his shift and weekly work periods (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Castillo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to pay Plaintiff Castillo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Castillo the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Furthermore, Defendants repeatedly failed to pay Plaintiff Castillo wages on a timely basis.

10.     Defendants employed and accounted for Plaintiff Castillo as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants paid Plaintiff Castillo at a rate that was lower than the required tip-credit rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Castillo's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Castillo's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Castillo at the minimum wage rate for his classification of employement and enabled them to pay him at the tip-credit rate.

14.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Castillo's and made unlawful deductions from Plaintiff Castillo's and similarly situated employees.

15.     Defendants' conduct extended beyond Plaintiff Castillo to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Castillo and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

17.     Plaintiff Castillo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiff Castillo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Castillo's state law claims under 28 U.S.C. § 1367(a).

20.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Pizza restaurant located in this district. Further, Plaintiff Castillo was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

21.     Plaintiff Paulino Castillo Martinez ("Plaintiff Castillo" or "Mr. Castillo") is an adult individual residing in New York County, New York.

22.     Plaintiff Castillo was employed by Defendants at Pizza Park from approximately December 2018 until on or about July 26, 2020.

23.     Plaintiff Castillo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     At all relevant times, Defendants owned, operated, or controlled a Pizza restaurant, located at 1233 1st Avenue #6309, New York, NY 10065 under the name "Pizza Park".

25.     Upon information and belief, Park Pizza, Inc. (d/b/a Pizza Park) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1233 1st Avenue #6309, New York, NY 10065.

26.     Defendant Arturo Ientile is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Arturo Ientile is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Arturo Ientile possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Castillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Salvador Ientile is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Salvador Ientile is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Salvador Ientile possesses operational control over Defendant Corporation, an ownership interest in

Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Castillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate a Pizza restaurant located in the Lenox Hill neighborhood in the Upper East Side in Manhattan.

29.     Individual Defendants, Arturo Ientile and Salvador Ientile, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Castillo's (and other similarly situated employees') working conditions, schedules, pay rates, hiring, firing, pay increases, and over the policies and practices with respect to the employment and compensation of Plaintiff Castillo, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Castillo (and all similarly situated employees) and are Plaintiff Castillo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Castillo and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants Arturo Ientile and Salvador Ientile operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff Castillo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Castillo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Castillo's services.

36.     In each year from 2018 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Castillo is a former employee of Defendants who was employed as a laborer and ostensibly as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Castillo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Paulino Castillo Martinez*

40.     Plaintiff Castillo was employed by Defendants from approximately December 2018 until on or about July 26, 2020.

41.     Defendants employed Plaintiff Castillo as a laborer and ostensibly as a delivery worker.

42.     However, Plaintiff Castillo was also required to spend a significant portion of his work day performing the non-tipped duties described above.

43.     Although Plaintiff Castillo ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants, approximately four to five hours a shift, with variation.

44.     Although Plaintiff Castillo ostensibly was employed as a delivery worker, he would be required to stay past the time of deliveries on any given shift to perform the non-tipped work described above, particularly the aforesaid duties associated with cleaning and trash removal.

45.     Although Plaintiff Castillo ostensibly was employed as a delivery worker, he would be required to perform the non-tipped work described above prior to making deliveries for the Defendants and in the time between deliveries, which was variable and sporadic, but at all times comprised more than twenty percent (20%) of his duties.

46.     Plaintiff Castillo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

47.     Plaintiff Castillo's work duties required neither discretion nor independent judgment.

48.     Throughout his employment with Defendants, Plaintiff Castillo regularly worked in excess of 40 hours per week.

49.     From approximately December 2018 until on or about March 15, 2020, Plaintiff Castillo worked from approximately 6:00 p.m. until on or about 2:00 a.m., Mondays, Tuesdays and Wednesdays and from approximately 6:00 p.m. until on or about 5:00 a.m., Fridays and Saturdays (typically 46 hours per week).

50.     For approximately two weeks each month from approximately December 2018 until on or about March 15, 2020, Plaintiff Castillo worked from approximately 6:00 p.m. until on or about 2:00 a.m., Mondays, Tuesdays and Wednesdays, from approximately 6:00 p.m. until on or about 5:00 a.m., Fridays and Saturdays, and from approximately 6:00 p.m. until on or about 1:00 a.m., Sundays or Thursdays (typically 53 hours per week).

51.     From approximately April 20, 2020 until on or about July 26, 2020, Plaintiff Castillo worked from approximately 8:00 p.m. until on or about 2:00 a.m., Thursdays and Fridays and from approximately 6:00 p.m. until on or about 1:00 a.m., on Sundays (typically 19 hours per week).

52.     Throughout his employment, Defendants paid Plaintiff Castillo his wages by check.

53.     From approximately December 2018 until on or about July 26, 2020, Defendants paid Plaintiff Castillo $10.00 per hour.

54.     For approximately one week, Defendants did not pay Plaintiff Castillo any wages for his work.

55.     Plaintiff Castillo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

56.     For example, from approximately 2018 until on or about March 2020, Defendants required Plaintiff Castillo to work an additional 30 minutes past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

57.     Defendants never granted Plaintiff Castillo any breaks or meal periods of any kind.

58.     Plaintiff Castillo was never notified by Defendants that his tips were being included as an offset for wages.

59.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Castillo's wages.

60.     Defendants withheld a portion of Plaintiff Castillo's tips; specifically, Defendants withheld a portion of all the tips customers paid Plaintiff Castillo and distributed the tips to pizza makers.

61.     On a number of occasions, Defendants required Plaintiff Castillo to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

62.     Defendants took improper and illegal deductions from Plaintiff Castillo's wages; specifically, on three occasions, Plaintiff Castillo had to pay $30 for a delivery that was incorrect. Further, on Plaintiff Castillo's last work week Defendants deducted $20 to $30 from Plaintiff Castillo's weekly wages for a pizza that fell.

63.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Castillo regarding overtime and wages under the FLSA and NYLL.

64.     Defendants did not provide Plaintiff Castillo an accurate statement of wages, as required by NYLL 195(3).

65.     Defendants did not give any notice to Plaintiff Castillo, in English and in Spanish (Plaintiff Castillo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66.     Defendants required Plaintiff Castillo to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, vests, and bicycle maintenance.

*Defendants' General Employment Practices*

67.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Castillo (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate state minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

68.     Plaintiff Castillo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

69.     Defendants' pay practices resulted in Plaintiff Castillo not receiving payment for all his hours worked, and resulted in Plaintiff Castillo's effective rate of pay falling below the required minimum wage rate.

70.     Defendants habitually required Plaintiff Castillo to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

71.     Defendants required Plaintiff Castillo and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

72.      Plaintiff Castillo and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

73.     Plaintiff Castillo's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

74.      Plaintiff Castillo and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

75.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and  Plaintiff Castillo's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

76.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.      In violation of federal and state law as codified above, Defendants classified Plaintiff Castillo and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.      Defendants failed to inform Plaintiff Castillo who received tips that Defendants intended to take a deduction against Plaintiff Castillo's earned wages for tip income, as required by the NYLL before any deduction may be taken.

79.      Defendants failed to inform Plaintiff Castillo who received tips, that his tips were being credited towards the payment of the minimum wage.

80.      Defendants failed to maintain a record of tips earned by Plaintiff Castillo who worked as a delivery worker for the tips he received.

81.      As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Castillo who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment

82.      Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

83.      Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

84.      On a number of occasions, Defendants required Plaintiff Castillo to sign a document the contents of which he was not allowed to review in detail. Defendants failed to post at the

workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

85.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Castillo (and similarly situated individuals) worked, and to avoid paying Plaintiff Castillo properly for his full hours worked.

86.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

87.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Castillo and other similarly situated former workers.

88.     Defendants failed to provide Plaintiff  Castillo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

89.     Defendants failed to provide Plaintiff Castillo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.     Plaintiff Castillo brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

91.     At all relevant times, Plaintiff Castillo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

92.     The claims of Plaintiff Castillo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

93.     Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Castillo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

95.      Defendants' failure to pay Plaintiff Castillo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

96.      Plaintiff Castillo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

97.      Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

98.      At all times relevant to this action, Defendants were Plaintiff Castillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Castillo, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

99.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Castillo less than the minimum wage.

100.      Defendants' failure to pay Plaintiff Castillo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

101.      Plaintiff Castillo was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

102.      Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

103.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Castillo  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

104.     Defendants' failure to pay Plaintiff Castillo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

105.     Plaintiff Castillo was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

106.      Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

107.     Defendants failed to pay Plaintiff Castillo one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Castillo's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

108.     Defendants' failure to pay Plaintiff Castillo an additional hour's pay for each day Plaintiff Castillo's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

109.     Plaintiff Castillo was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

110.     Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

111.     Defendants failed to provide Plaintiff Castillo with a written notice, in English and in Spanish (Plaintiff Castillo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

112.     Defendants are liable to Plaintiff Castillo in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

113.     Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

114.     With each payment of wages, Defendants failed to provide Plaintiff Castillo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

115.    Defendants are liable to Plaintiff Castillo in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

116.    Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

117.    Defendants required Plaintiff Castillo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

118.    Plaintiff Castillo was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF THE NEW YORK LABOR LAW

119.    Plaintiff Castillo repeats and realleges all paragraphs above as though set forth fully herein.

120.    At all relevant times, Defendants were Plaintiff Castillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

121.    Defendants made unlawful deductions from Plaintiff Castillo's wages; specifically, on three occasions, Plaintiff Martinez had to pay $30 for a delivery that was incorrect. Further, on Plaintiff Castillo's last work week Defendants deducted $20 to $30 from Plaintiff Castillo's weekly

wages for a pizza that fell.

122.    The deductions made from Plaintiff Castillo's wages were not authorized or required by law.

123.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Castillo's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

124.    Plaintiff Castillo was damaged in an amount to be determined at trial.

<u>**NINTH CAUSE OF ACTION**</u>

**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION
OF THE NEW YORK LABOR LAW**

125.    Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

126.    At all relevant times, Defendants were Plaintiff Castillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

127.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

128.    Defendants unlawfully misappropriated a portion of Plaintiff Castillo's tips that were received from customers.

129.    Defendants knowingly and intentionally retained a portion of Plaintiff Castillo's tips in violations of the NYLL and supporting Department of Labor Regulations.

130.    Plaintiff Castillo was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

131.     Plaintiff Castillo repeats and realleges all paragraphs above as though set forth fully herein.

132.     Defendants did not pay Plaintiff Castillo on a regular weekly basis, in violation of NYLL §191.

133.     Defendants are liable to Plaintiff Castillo in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Castillo respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Castillo and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Castillo and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Castillo and the FLSA Class members;

(e)     Awarding Plaintiff Castillo and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Castillo and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Castillo;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Castillo;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Castillo;

(j)     Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff Castillo's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Castillo;

(l)     Awarding Plaintiff Castillo damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiff Castillo damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Castillo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Castillo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Castillo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Castillo demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        February 12, 2021

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                            By:         /s/ Michael Faillace
                                        Michael Faillace [MF-8436]
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620
                                        *Attorneys for Plaintiff*